# IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMOTHY WAYNE MORGAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61532

**FILED**

JUN 1 3 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

First, appellant Timothy Morgan argues that the district court abused its discretion by admitting into evidence statements that referenced prior bad acts, by doing so without conducting a hearing pursuant to *Petrocelli v. State*, 101 Nev. 46, 51-52, 692 P.2d 503, 507-08 (1985), *modified on other grounds by Sonner v. State*, 114 Nev. 321, 326-27, 955 P.2d 673, 677 (1998), and by failing to contemporaneously instruct the jury when the statements were elicited pursuant to *Tavares v. State*, 117 Nev. 725, 731, 30 P.3d 1128, 1132 (2001), *modified in part by Mclellan*, 124 Nev. at 268, 270, 182 P.3d at 110, 111. We disagree with each contention. While being questioned by police officers, Morgan gave several conflicting versions of what happened to the victim including a version in which the victim was kidnapped during a drug deal gone awry. Morgan eventually admitted that his statements regarding drug dealings were not truthful and confessed to hitting the victim with a baseball bat. Because these statements were not evidence of "other crimes, wrongs or

13-17477

acts," we conclude that the district court did not abuse its discretion by admitting them and neither a hearing nor a contemporaneous limiting instruction was required. *See* NRS 48.045(2), *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (reviewing the admission of evidence for an abuse of discretion).[1]

Second, Morgan argues that the district court abused its discretion by denying his request to cross-examine his sister regarding prior misdemeanor convictions and that she had previously changed her name to that of a character from the film "Natural Born Killers." Because Morgan conceded below that the misdemeanor convictions were inadmissible and evidence that Morgan's sister changed her name was not relevant to or probative of truthfulness or bias, we conclude that Morgan fails to demonstrate that the district court abused its discretion. *See* NRS 50.085(3); *Crew v. State*, 100 Nev. 38, 45, 675 P.2d 986, 990-91 (1984) (the trial court has discretion to limit the scope of cross-examination, albeit more limited when the purpose of the inquiry is to expose bias, so long as sufficient cross-examination has been permitted to satisfy the Confrontation Clause); *United States v. Owens*, 484 U.S. 554, 5547 (1988) ("[T]he Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever

---

[1]Prior to trial, the defense stated that it would decide at trial whether it wanted a contemporaneous *Tavares* instruction to be given. It does not appear from the limited record provided that Morgan asked for a contemporaneous instruction at trial. *See Tavares*, 117 Nev. at 731, 30 P.3d at 1132 (a defendant can decline the instruction because he is its intended beneficiary); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on the appellant.").

way, and to whatever extent, the defense might wish." (internal quotation marks, brackets, and emphasis omitted)).

Third, Morgan argues that the State committed misconduct by mischaracterizing his sister's testimony during closing argument. Because Morgan did not object, we review for plain error affecting his substantial rights. *See Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005). We are unable to meaningfully review this contention because Morgan did not provide this court with complete transcripts of his sister's testimony and from our limited review of the record provided it appears that the prosecutor's comments did not mischaracterize Morgan's sister's testimony. *See State v. Green*, 81 Nev. 173, 176, 400 P.2d 766, 767 (1965) (a prosecutor can ask the jury to draw reasonable inferences from the evidence). We conclude that Morgan fails to demonstrate plain error.

Fourth, Morgan argues that the district court abused its discretion by failing to grant his motion for a new trial based on conflicting evidence. "This court will not overturn a district court's grant or denial of a motion for a new trial absent a palpable abuse of discretion." *Johnson v. State*, 118 Nev. 787, 796, 59 P.3d 450, 456 (2002) (internal quotation marks omitted), *overruled on other grounds by Nunnery v. State*, 127 Nev. ___, 263 P.3d 235 (2011), *cert denied*, ___ U.S. ___, 132 S. Ct. 2774 (2012). The district court denied Morgan's motion, noting that even excluding his sister's contested testimony the evidence was still sufficient to prove guilt beyond a reasonable doubt. *See Evans v. State*, 112 Nev. 1172, 1193, 926 P.2d 265, 279 (1996) (a district court may grant a motion for a new trial if "the trial judge finds that the evidence of guilt is conflicting, and after an independent evaluation of the evidence, disagrees with the jury's verdict of guilty"). Based upon our review of the limited record provided, we

conclude that Morgan fails to demonstrate that the district court abused its discretion.

Fifth, Morgan argues that cumulative error warrants reversal of his judgment of conviction. Because we have found no error, we conclude that this claim lacks merit.

Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Patrick Flanagan, District Judge
       Legal Defense Group
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[2]We note that although Morgan's counsel, Michael Becker, has certified that the fast track statement complies with the requirements of NRAP 32(a)(5), the font in the brief appears smaller than represented. We remind counsel that misstatements in the certificate of compliance can be a basis for the imposition of sanctions. *See* NRAP 28.2(b); NRAP 32(e). And we caution counsel that failure to comply with the rules when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n).